**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Pamela Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6806
Facsimile:  (800) 520-5523

**MASON LIETZ & KLINGER, LLP**
Gary M. Klinger, Esq. (*Pro Hac Vice Application forthcoming*)
gklinger@masonllp.com
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (312) 283-3814

*Attorneys for Plaintiff,*
Elizaveta Nazarchuk

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZAVETA NAZARCHUK.** **individually and On Behalf of All Others Similarly Situated.** <br><br> Plaintiff. <br><br> v. <br><br> **IKEA NORTH AMERICA SERVICES. LLC.** <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> 1) **CONSUMER LEGAL REMEDIES ACT. CAL. CIVIL CODE §§ 1750. *ET SEQ.*** <br> 2) **UNFAIR COMPETITION LAW. CAL. BUS. & PROF. §§ 17200. *ET SEQ.*: AND** <br> 3) **FALSE ADVERTISING LAW. CAL. BUS. & PROF. §§ 17500. *ET SEQ.*** <br><br> **JURY TRIAL DEMANDED** |

//
//
//
//

Plaintiff, ELIZAVETA NAZARCHUK ("Plaintiff"), individually and on behalf all others similarly situated and the general public, brings this action against Defendant, IKEA NORTH AMERICA SERVICES, LLC, ("IKEA" or "Defendant"), by and through her undersigned attorneys, upon personal knowledge as to facts pertaining to herself and upon information and belief as to all other matters, and alleges the following:

## NATURE OF THE ACTION

1.      This is a consumer class action brought individually by Plaintiff and on behalf of all persons in the below-defined proposed Class, due to IKEA's sale of defective tip-prone dressers known as the Kullen dresser (hereinafter, the "Product" or "Products").

2.      In order to reap substantial profits from the sales of the Product, IKEA cut corners by, among other things, failing to perform sufficient product testing to ensure the Product was safe for consumer use.

3.      As a result, unbeknown to Plaintiff and members of the Class at the time of their purchase, and contrary to the express and implied representations made by IKEA regarding the Product, the Product does not comply with the furniture industry's voluntary stability standard, making the Product is defective due to tip-over and entrapment hazards, and poses a serious danger to consumers which, if disclosed by IKEA to Plaintiff and members of the Class, would have caused Plaintiff and members of the Class not to purchase or use the Product.

4.      Indeed, in March of 2020, after several reported deaths caused by the Product, IKEA informed all consumers to "immediately stop using" the Product because it poses a serious hazard that could result in personal injury to consumers.

5.      As a result, Plaintiff and members of the Class have been, and continue to be harmed, by purchasing a defective and dangerous product that poses a serious hazard that is likely to result in personal injury to consumers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

6.    Plaintiff brings claims, individually and on behalf of the Class of similarly situated consumers, for violations of: 1) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; and, (3) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.* and seeks damages, interest, reasonable attorneys' fees and costs.

## PARTIES

7.    Plaintiff Elizaveta Nazarchuk is a citizen of the State of California residing in the City of Roseville, and is a member of the Class defined herein. Plaintiff purchased the Product for household use during the four years preceding the filing of this Complaint.

8.    Defendant IKEA is a limited liability company organized under the laws of Virginia, with a principal place of business located in Conshohocken, Pennsylvania.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") codified as 28 U.S.C. § 1332(d)(2) because the claims of the proposed Class Members exceed $5,000,000 and because Defendant is a citizen of a different state than Plaintiff and the Class defined herein.

10.    The Court has personal jurisdiction over IKEA because it regularly conducts business in this District and/or under the stream of commerce doctrine by causing its products to be disseminated in this District.

11.    Venue is proper because a substantial portion of the events complained of occurred in this District and this Court has jurisdiction over the Defendant.

//

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

# FACTUAL ALLEGATIONS

## *IKEA's Business Operations*

12.    IKEA is a company based in Conshohocken, Pennsylvania, that manufactures, markets and/or sells, among other things, a range of home furnishing products in the United States.  It is owned by Inter IKEA Group, a Swedish-origin Dutch-headquartered multinational group that designs and sells ready-to-assemble furniture, kitchen appliances and home accessories, among other useful goods and occasionally home services across the world.

13.    As of June 2019, there are 433 IKEA stores operating in 52 countries and in fiscal year 2018, €38.8 billion (approximately $44.6 billion USD) worth of IKEA goods were sold.

14.    The IKEA website contains about 12,000 products and there were over 2.1 billion visitors to IKEA's websites in the year from September 2015 to August 2016.

15.    The company is responsible for approximately 1% of world commercial-product wood consumption, making it one of the largest users of wood in the retail sector.

16.    The IKEA brand is one of the best-known brands for furniture and household goods in the U.S.  According to IKEA, it:

> starts with the idea of providing a range of home furnishing products that are affordable to the many people, not just the few. It is achieved by combining function, quality, design and value - always with sustainability in mind. The IKEA Concept exists in every part of our company, from design, sourcing, packing and distributing through to our business model. Our aim is to help more people live a better life at home.[1]

---

[1] "The Ikea Concept," Ikea North America Services, LLC, *available at*, https://www.ikea.com/ms/en_US/this-is-ikea/the-ikea-concept/index.html (last visited April 28, 2020).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

***IKEA Touts the Safety of its Products***

17.   According to IKEA,

[w]hen it comes to safety testing, no product is exempt….
When testing our products, we consider both intended and
unintended use, to identify and minimize potential safety
risks. Each product goes through a long process of testing
and is not launched until we are sure that it is safe. And
even after our products are launched, we continue to
evaluate and test them on a regular basis, and if needed we
make improvements.[2]

18.   Indeed, IKEA touts the safety of its products, which includes the

Product, on its website for all consumers to see:



**Safer life at home**

Affordable products are at the heart of everything we do. That doesn't mean
that we compromise on quality or safety. IKEA products must be safe, from
both a health and environmental perspective.

We strive to follow the strictest safety and quality laws and standards on the
markets where we operate, and at times we even go beyond these and set our
own, stricter requirements. Whenever we develop a new product, we take great
care to make sure that we can keep the promise we give to our customers – that
IKEA products are safe to use.

[2] "Safer Homes," Ikea North America Services, LLC, *available at* https://www.ikea.com/us/en/campaigns/safer-homes-pub06b8249f (last visited April 28, 2020).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

19.    IKEA further claims that "safety risk assessment is a crucial part of the product development process₃:"

## Creating safe products

At IKEA, product safety risk assessment is a crucial part of the product development process. Our designers, product developers and technicians evaluate safety, quality, and environmental impact at every stage of a new product's development.

When testing our products, we consider both intended and unintended use, to identify and minimize potential safety risks.

Each product goes through a long process of testing and is not launched until we are sure that it is safe. And even after our products are launched, we continue to evaluate and test them on a regular basis, and if needed we make improvements.

20.    Finally, IKEA claims the safety of children is the company's "number one priority" when manufacturing and selling its products:

# Child safety

The safety of our customers is always our number one priority, not least when it comes to the most important people in the world – children! They don't always think about safety when they play, so we do it for them. In our view, the best starting point for designing safe products is to find out as much as possible about how they will be used in the real world.

//
//
//
//
//
//

₃ *Id.*

KAZEROUNI LAW GROUP, APC<br>245 FISCHER AVENUE, SUITE D1<br>COSTA MESA, CA 92626

1

***IKEA Sells the Product to the General Public***

2     21.    Among the products IKEA manufactured and developed is the Kullen 3-
3  Drawer Chest, i.e., the Product:



17     22.    The Product is 28 3/8 inches tall, sold in black-brown or birch colors,
18  and weighing approximately 45 pounds.

19     23.    "KULLEN" is printed on the underside of the Product's top panel or
20  inside the side panel.  The Product was sold at IKEA from April 2005 to December
21  2019 for about $60.

22     24.    On information and belief, IKEA warrants to consumers at the time of
23  purchase that the Product is free of any defects.

24     25.    Despite IKEA's representations in respect to the safety of its products,
25  including the Product, the Product is defective, hazardous and fails to meet minimum
26  safety standards.

27  //

28  //

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### The Product is Dangerous to Consumers

25.    IKEA negligently designed the Product such that it is prone to "tip over" and therefore poses an entrapment hazard, particularly to minors.

26.    Because of its flawed design, numerous consumers reported tip-overs involving the Product, which led IKEA to inform users to "immediately stop using" the Product because it poses a serious hazard that could result in death or serious injury to consumers.

### IKEA Knew or Should Have Known the Product was Dangerous

27.    According to the United States Consumer Product Safety Commission ("CPSC"), one person is injured about every 20 minutes—and one child dies about every two weeks—when a piece of furniture, an appliance, or a television falls onto them.[4]

28.    Consumer Reports has also noted: "[e]ach year, thousands of those incidents involve dressers. Dresser tip-overs alone have killed at least 212 people since 2000, mostly children 6 and younger."[5]

29.    IKEA similarly has acknowledged, "[a]bout every 30 minutes, tipped furniture or a falling TV sends an injured child to the emergency room."[6]

30.    Because of the highly publicized problem of "tip overs" in the furniture industry, IKEA knew or should have known the Product had a design flaw and was prone to "tip over" and therefore posed an entrapment hazard, particularly to minors.

31.    Indeed, minimum standards for safe design have been promulgated within the industry to avoid this very hazard.

[4] Rachel Rabkin Peackman, *Ikea Recalls Kullen Dressers Linked to Dangerous Tip-Overs*, (March 4, 2020), https://www.consumerreports.org/recalls/ikea-recalls-kullen-three-drawer-dressers-furniture-tip-overs/.
[5] *Id.*
[6] "Safer Homes," Ikea North America Services, LLC, *available at*, https://www.ikea.com/us/en/campaigns/safer-homes-pub06b8249f (last visited April 28, 2020).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

32.    ASTM International is one of the largest standards developing organizations in the world.  ASTM standards cover subject areas subject area such as consumer products, steel, petroleum, medical devices, nanotechnology, additive manufacturing and many more.[7]

33.    ASTM International promulgated the F2057-19 Standard, which "is intended to reduce injuries and deaths of children from hazards associated with free-standing clothing storage units including but not limited to chests, chests of drawers, drawer chests, armoires, chifferobes, bureaus, door chests and dressers 27 inches (686 mm) in height."[8]

34.    The standard includes a simple test: open a drawer, hang a 50-pound weight on it, and see if the unit tips.

35.    It is meant to ensure that a dresser can remain upright under the pull of a child, even if the dresser hasn't been attached to the wall.

36.    Despite IKEA's supposed concern for product safety, the Product does not even comply with this simple F2057-19 Standard.[9]

37.    Even worse, as reported by USA Today, Ikea sold the Product "it knew was dangerous to children."[10]  As further reported by USA Today[11]:

> Ikea's three-drawer Kullen dresser became noncompliant with the furniture industry's safety standard in mid-August after it was updated to further safeguard against the danger of bureaus falling onto children. **Sixteen weeks passed before Ikea took the dresser off the market on Dec. 2.**

***

[7] "Frequently Asked Questions," ASTM International, *available at*, https://www.astm.org/ABOUT/faqs.html (last visited April 28, 2020).
[8] "ASTM F2057 – 19," ASTM International, *available at*, https://www.astm.org/Standards/F2057.htm (last visited April 28, 2020).
[9] Tricia L Nadolny, *Dangerous Ikea Dressers Recalled Over Risk of Crashing Onto Children,* (March 4, 2020), *https*://www.usatoday.com/story/news/2020/03/04/ikea-recalls-kullen-dresser-over-danger-tip-onto-children/4950532002/.
[10] Tricia L Nadolny, *Furniture Giant Ikea Kept Selling a Dresser It Knew Was Dangerous to Children,* (March 10, 2020), https://www.usatoday.com/story/news/2020/03/10/ikea-dresser-recall-kullen-sold-while-dangerous-tip-over/4996716002/.
[11] *Id.* (emphasis added).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

The safety standard, though voluntary, is drafted by a committee made up of some of the biggest players in the furniture industry. Ikea is an active participant on that committee and was aware of the proposed changes months before the standard officially updated in August.

### IKEA'S Killer Dressers

38.    IKEA has a long history of selling dangerous dressers like the Product.

39.    As reported by Fast Company, "[i]n 2016, Ikea recalled 29 million of its dressers after six children died when the furniture toppled over."[12]

40.    As further reported, IKEA later re-announced that same recall when another child was killed by a dresser that still hadn't been returned to Ikea or secured to the wall–as Ikea had suggested customers do–more than a year later.[13]

41.    As Consumer Reports notes, "until 2016, Ikea sold millions of dressers that did not comply with the voluntary standard despite the fact that they were linked to numerous tip-over incidents. It was only after Ikea dresser models were tied to several children's deaths that the company issued a recall in June 2016. The recall eventually involved 17.3 million dressers."[14]

42.    As further reported by USA Today, over the past decade, IKEA has paid at least $96 million in settlements to grieving families because they sold dangerous dressers.[15]

43.    Marietta Robinson, who served as a commissioner at the Consumer Product Safety Commission when IKEA's 2016 dresser recall was announced, said IKEA has always downplayed its responsibility to make safe dressers and instead

[12] Katherine Schwab, *Ikea's Killer Dressers and America's Hidden Recall Crisis*, (Feb. 14, 2019), https://www.fastcompany.com/90298511/ikeas-killer-dressers-and-americas-hidden-recall-crisis.
[13] *Id*.
[14] Rachel Rabkin Peackman, *Ikea Recalls Kullen Dressers Linked to Dangerous Tip-Overs*, (March 4, 2020), https://www.consumerreports.org/recalls/ikea-recalls-kullen-three-drawer-dressers-furniture-tip-overs/.
[15] Tricia L Nadolny, *Furniture Giant Ikea Kept Selling a Dresser It Knew Was Dangerous to Children*, (March 10, 2020), https://www.usatoday.com/story/news/2020/03/10/ikea-dresser-recall-kullen-sold-while-dangerous-tip-over/4996716002/.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

focused on anchoring, placing the burden on the consumer, according to USA Today.[16]

44.    Ms. Robinson said she had been hopeful after the 2016 recall that IKEA recognized the need to make its dressers inherently stable, but it comes as no surprise to her that Ikea sold another noncompliant dresser. "I have been appalled by their conduct from the very beginning," she said. "The company has been consistently focused on profits and not on the safety of kids."[17]

### *Plaintiff's Experience with the Product*

45.    In October of 2018, Plaintiff purchased the Product at one of IKEA's California store locations.

46.    Based on IKEA's marketing campaign that touted the standards and safety of its products, Plaintiff purchased the Product believing that it was a safe and reliable dresser.

47.    However, undisclosed and unbeknownst to Plaintiff at the time of purchase, the Product poses a serious danger to Plaintiff and her household, as the Product does not comply with the furniture industry's voluntary stability standard, making the Product defective due to tip-over and entrapment hazards.

48.    In the course of Plaintiff's regular use of the Product, it tipped-over on multiple occasions nearly causing serious personal injury.

49.    Plaintiff would not have purchased Product had she known it contained a design flaw that made it inherently dangerous.

50.    Plaintiff is in the same Class as all other consumers who purchased Defendant's Product during the relevant time period. Plaintiff and the Class members were misled and deceived by Defendant's omissions and/or misrepresentations in respect to the Product. Plaintiff and Class Members would not have purchased the

[16] *Id.*
[17] *Id.*

CLASS ACTION COMPLAINT

Product, would not have paid the purchase price, or would have purchased a different product, if they had not been deceived by IKEA's misleading and deceptive marketing and/or labeling of the Product.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

52.    Plaintiff brings this action individually and on behalf of all other persons similarly situated, ("the Class"), pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery.

53.    Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following Class:

> All persons in the State of California who purchased the KULLEN 3 drawer chest from IKEA within four (4) years prior to the filing of the Complaint in this action through the date of class certification.

54.    Excluded from the Class is Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents, employees and their legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiffs' counsel, their staff members, and their immediate family, and any claims for personal injury.

55.    Plaintiff reserves the right to amend the Class definition or add a subclass if further information and discovery indicate that the Class definition should be narrowed, expanded, or otherwise modified.

56.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

57.    **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The exact number of members of the Class is presently unknown to Plaintiffs, but may be ascertained from Defendant's books and records.  Members of the Class may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

58.    **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual members of the Class.  Such common questions of law or fact include, but are not limited to, the following:

      a. Whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

      b. Whether the alleged conduct constitutes violations of the laws asserted herein;

      c. Whether IKEA engaged in false or misleading advertising;

      d. Whether Plaintiff and the members of the Class were damaged by Defendant's conduct;

      e. Whether Plaintiff and Class members are entitled to restitution; and

      f. Whether Plaintiff and Class members are entitled to injunctive relief.

59.    Defendant engaged in a common course of conduct giving rise to the legal rights Plaintiff seeks to enforce, on behalf of herself and the other Members of the Class. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale in comparison, in both quality and quantity, to the numerous common questions that dominate this action.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

60.     **Typicality – Federal Rule of Civil Procedure 23(a)(3)**. Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all members of the Class were comparably injured through Defendant's uniform misconduct described above. Further, there are no defenses available to Defendant that are unique to Plaintiff or to any particular members of the Class.

61.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Class they seek to represent; she has retained counsel competent and experienced in complex class action litigation; and she will prosecute this action vigorously. The Class' interests will be fairly and adequately protected by Plaintiff and the undersigned counsel.

62.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy.  Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

63.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2)**.  Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

64.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this

controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Even if members of the Class could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
#### Violation of California's Consumer Legal Remedies Act,
#### California Civil Code § 1770 *et seq*.

65.    Plaintiff incorporates by reference the allegations contained in paragraphs above, and each and every part thereof with the same force and effect as though fully set forth herein.

66.    The Consumers Legal Remedies Act ("CLRA") applies to Defendant's actions and conduct as described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

67.    Defendant is a "person" as defined by Cal. Civ. Code § 1761(c).

68.    Plaintiff and each member of the Class are "consumers" as defined by Cal. Civ. Code § 1761(a).

69.    Defendant's Products are "goods" within the meaning of Cal. Civ. Code § 1761(b).

70.    As described herein, Defendant has engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750 *et seq*., to the detriment of Plaintiff and the Class.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

71.    Defendant, acting with knowledge, intentionally, and unlawfully brought harm upon Plaintiff and the Class by representing that its Products were safe.

72.    Specifically, Defendant violated Cal. Civ. Code § 1750 in at least the following respects:

    a. Making false representations that the Product has characteristics, uses or benefits which it does not, in violation of California Civil Code § 1770(a)(5)

    b. Making false representations that the Product is of a particular quality, which it is not, in violation of California Civil Code § 1770(a)(7);

    c. Advertising the Product without the intent to sell it as advertised, in violation of California Civil Code § 1770(a)(9); and

    d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of California Civil Code § 1770(a)(16).

73.    The facts concealed or not disclosed by Defendant to Plaintiff and the Class, including that Defendant's Products were safe, are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase said Product.

74.    Through the omissions detailed herein, Defendant wrongfully induced Plaintiff and the other members of the Class to purchase the Product when they otherwise would not have purchased it if it had been disclosed to them that the Product was unsafe.

75.    As a direct and proximate result of Defendants' violations of Cal. Civ. Code §§ 1750, *et seq.*, Plaintiff and each Class member have suffered harm in the form of paying monies to purchase the Product when they otherwise would not have purchased it if it had been disclosed to them that the Product was unsafe.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

76.     Under Cal. Civ. Code § 1780(a) and (b), Plaintiff, individually and on behalf of the Class, seeks an injunction requiring Defendant to cease and desist the illegal conduct alleged in this Complaint, and all other appropriate remedies for its violations of the CLRA. For the sake of clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

**SECOND CAUSE OF ACTION**
**Violation of the California Unfair Competition Law**
**Business & Professions Code §§ 17200,** *et seq.*

77.     Plaintiff incorporates by reference the allegations contained in paragraphs above, and each and every part thereof with the same force and effect as though fully set forth herein.

78.     Plaintiff and Defendant are each "person[s]" as defined by California Business & Professional Code § 17201.

79.     California Business & Professional Code § 17204 authorizes a private right of action on both an individual and representative basis.

80.     California Business and Professions Code section 17200 prohibits any "unfair deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code sections 17200, *et seq.* by advertising that the Product was safe and free of defects.

81.     California Business & Professions Code section 17200 also prohibits any "unlawful, unfair or fraudulent business act or practice."

82.     Defendant has violated Sections 17200, *et seq.*'s prohibition against engaging in unlawful, unfair or fraudulent acts and practices by, among other things, misrepresenting to Plaintiff and Class Members in advertisements and Product materials that the Product was safe and free of defects in violation of California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

83.    Plaintiff and Class Members reserve the right to allege other violations of law that constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

84.    Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute deceit under Cal. Civ. Code § 1710: "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."

85.    Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute violations of Sections 17200, *et seq.*'s prohibition against fraudulent acts and practices.

86.    Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code sections 17200, *et seq.* in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers.  There were reasonable alternatives available to further Defendant's legitimate business interests, other than the conduct described herein.  This conduct constitutes violations of the unfair prong of California Business & Professions Code sections 17200, *et seq.*

87.    Defendant's conduct is also a breach of warranty.  Defendant's representations that the Product was safe and free of defects constitute affirmations of fact made with regard to the Product, as well as descriptions of the Product, that are part of the basis of the bargain between Defendant and purchasers of the Product.  Because those representations are material and false, Defendant has breached its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

express warranty as to the Product and has violated California Commercial Code § 2313.

88.    Defendant's unfair business practices and conduct described herein were the immediate cause of damages suffered by Plaintiff and Class Members.

89.    Defendant's unfair business practices and conduct described herein caused Plaintiff and Class Members purchase the Product without being adequately informed of the safety defect of the Product due to tip-over and entrapment hazards.

90.    Furthermore, Defendant's misrepresentations and omissions caused Plaintiff and Class Members actual damages because had they known the truth about the Product, they would not have purchased the Product.

91.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff.  Plaintiff and the other Class Members have suffered injury in fact and have lost money as a result of Defendant's wrongful conduct.

92.    Pursuant to Business & Professions Code section 17203, Plaintiff and the other Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

93.    Unless Defendant is enjoined from continuing to engage in these unfair, unlawful and fraudulent business practices, Plaintiff, and the public, will continue to be injured by Defendant's actions and conduct.

94.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts and practices, entitling Plaintiff and the other Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant as a result of such business acts or practices, and enjoining Defendant from engaging in the practices described herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**THIRD CAUSE OF ACTION**
**Violation of the California False Advertising Act**
**Business & Professions Code §§ 17500,** *et seq.*

95.    Plaintiff incorporates by reference the allegations contained in paragraphs above, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    Defendant engaged in unfair and deceptive advertising, in violation of California Business and Professions Code § 17500, *et seq.*, by misrepresenting to Plaintiff and Class Members in advertisements and Products materials that the Product was safe and free of defects, when, in fact, there was no reliable evidence supporting such advertising.

97.    These acts and practices, as described above, have deceived Plaintiff and Class Members, causing them to lose money by purchasing the Product or paying more for it than they otherwise would, as herein alleged, and have deceived and are likely to deceive the consuming public.

98.    Accordingly, Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiff and Class Members.

99.    In the absence of Defendant's misrepresentations, Plaintiff and Class Members would not have purchased the Product, would have purchased a different product, or would not have given the purchase price paid for the Product.

100.    Plaintiff and Class Members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant as a result of such business acts or practices, and enjoining Defendant from engaging in the practices described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendant, and each of them, jointly and severally, as follows:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**Class Certification**

- That this action be certified as a class action and the Class certified;

- That Plaintiff be appointed as the Class Representative for the Class; and

- That the law firms representing Plaintiff be appointed as Class Counsel.

**On the First Cause of Action**
**For Violation of California's Consumer Legal Remedies Act,**
**California Civil Code section 1770 *et seq*.,**

- That Defendant be enjoined from continuing to represent that the Product and any other similar products are safe and free of defects;

- That Defendant be mandated to engage in a corrective advertising campaign to educate the public that there is no reliable evidence that that the Product and any other similar products are safe and free of defects;

- That Plaintiff and Class Members be awarded their reasonable attorneys' fees, expert witness fees, and other costs as may be applicable; and

- All such other and further relief as the Court deems just and proper.

**On the Second Cause of Action**
**For Violation of the California Unfair Competition Law**
**Business & Professions Code §§ 17200, *et seq*.**

- That Plaintiff and Class Members be awarded their actual damages according to proof;

- That Defendant be enjoined from continuing to represent that the Product and any other similar products are safe and free of defects;

- That Defendant be mandated to engage in a corrective advertising campaign to educate the public that there is no reliable evidence that the Product and any other similar products are safe and free of defects;

- That Plaintiff and Class Members be awarded their reasonable attorneys' fees, expert witness fees, and other costs as may be applicable;

- That Plaintiff and Class Members be awarded interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action; and

- All such other and further relief as the Court deems just and proper.

**On the Third Cause of Action**
**For Violation of the California False Advertising Act**
**Business & Professions Code §§ 17500,** *et seq***.**

- That Defendant be enjoined from continuing to represent that the Product and any other similar products are safe and free of defects;

- That Defendant be mandated to engage in a corrective advertising campaign to educate the public that there is no reliable evidence that the Product and any other similar products are safe and free of defects;

- That Defendant be required to provide Plaintiff and Class Members with full restitution for purchases made based on Defendant's false advertising; and

- All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

101.    Plaintiff hereby demands a trial by jury of all claims so triable on behalf of herself and the Class.

Dated: April 30, 2020                     Respectfully submitted,

                                          **KAZEROUNI LAW GROUP, APC**

                                          By:    _____*s/ Abbas Kazerounian*_____
                                                 Abbas Kazerounian, Esq.
                                                 Mona Amini, Esq.
                                                 Pamela Prescott, Esq.

                                          **MASON LIETZ & KLINGER, LLP**
                                          Gary M. Klinger, Esq.
                                          227 W. Monroe Street, Suite 2100
                                          Chicago, Illinois 60606
                                          Phone: 312.283.3814
                                          gklinger@masonllp.com

                                          *Attorneys for the Plaintiff and*
                                          *the Putative Class*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626